UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VERNON COVINGTON,

                Plaintiff,           14 CV 1856 (JBW) (CLP)

    -against-

                          **AMENDED COMPLAINT**

THE CITY OF NEW YORK, CARLO
GIOVINGO, JENNYANN NELSON, and
UC 272,
                                  **PLAINTIFF DEMANDS**
                Defendants.         **A TRIAL BY JURY**
----------------------------------X

        Plaintiff Vernon Covington, by his attorneys, Lumer & Neville, as and for his Amended Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff, Vernon Covington, was an adult male resident of Kings County, within the State of New York.

        2.     At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, defendant Carlo Giovingo (tax identification number 922422) was employed by the City of New York as a member of the NYPD. Giovingo is sued in both his official and individual capacities.

        4.     At all relevant times hereinafter mentioned, defendant JennyAnn

Nelson (tax identification number 928857) was employed by the City of New York as a member of the NYPD. Nelson is sued in both her official and individual capacities.

   5. At all relevant times hereinafter mentioned, defendant UC 272, whose true identity is known to the defendants but not to plaintiff, was employed by the City of New York as a member of the NYPD. UC 272 is sued in both his/her official and individual capacities.

   6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

   7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

   8. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

   9. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

   10. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

   11. On January 15, 2013, at or about 7:00 P.M., plaintiff was present in front of 132 Carlton Avenue in Kings County, New York.

12. Plaintiff had not been engaged in any criminal conduct, nor was he engaged in any conduct that could reasonably be viewed as criminal.

13. Plaintiff was stopped and searched by several members of the NYPD, including, upon information and belief, defendants Giovingo and Nelson.

14. Giovingo and Nelson, along with UC 272, and at least one additional member of the NYPD, were assigned to a module that was part of the Narcotics Bureau Brooklyn North ("NBBN"), which is part of the Narcotics Division within the NYPD.

15. Although plaintiff was not in possession of any contraband or engaged in any criminal or unlawful conduct, he was handcuffed and taken into the defendants' custody.

16. The handcuffs were overly tight and caused plaintiff pain and discomfort. Although he complained about the overly tight handcuffs, none of the officers, including defendant Doe, took any steps to loose the cuffs.

17. Plaintiff was placed in a police van and eventually transported to a local area police precinct station house in Kings County.

18. While plaintiff was at the station house, the arresting officer, believed to be defendant Nelson, drafted arrest paperwork under arrest number K13604704.

19. Plaintiff was later transported to Kings County Central Booking, where he was imprisoned for many more hours. Plaintiff was then summarily released without an explanation and without being charged.

20. At no time did there exist sufficient cause to seize or arrest the plaintiff,

nor could the defendants have reasonably believed that such cause existed.

21. Defendant UC 272 has alleged that s/he observed plaintiff and a man named Marvin Lowe "touch hands" and that Lowe shortly thereafter sold another member of defendants' unit narcotics.

22. Upon information and belief, UC 272, is also claiming to have seen plaintiff holding narcotics in his hand at the time when UC 272 says s/he saw plaintiff "touch hands" with Lowe.

23. These factual allegations by UC 272 are materially false and UC 272 knew them to be false when they were committed to writing.

24. The arrest and imprisonment of plaintiff was objectively unreasonable.

25. At no time did there exist any basis to utilize any level of force against the plaintiff, meaning the chasing, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

26. At no time did any of the defendant take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

27. That at all times relevant herein, each of the individual defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

28. Plaintiff repeats the allegations contained in paragraphs "1" through

"27" above as though stated fully herein.

29. Defendants Giovingo, Nelson, and UC 272, willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed, or otherwise caused these events to occur, or failed to intervene in their occurrence.

30. Defendants Giovingo, Nelson, and UC 272, willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary, or otherwise caused these events to occur, or failed to intervene in their occurrence.

31. By so doing, these defendants subjected the plaintiff to false arrest and imprisonment, excessive force, and unlawful searches of person and property, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

32. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

33. Plaintiff repeats the allegations contained in paragraphs "1" through "32" above as though stated fully herein.

34. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

35. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

36. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two people and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

37. Notwithstanding its awareness of the Narcotic Division's pattern of making unlawful arrests and then falsifying their records and testimony to justify and cover up this conduct, the NYPD made no effort to curb, limit, or otherwise prevent this

misconduct from continuing.

38. Thus, the City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

39. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

40. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

41. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that it was deliberately indifferent to the risk that the inadequate level of supervision would lead generally to the violation of individuals' constitutional rights and caused this violation of plaintiff's rights.

42. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

43. Plaintiff repeats the allegations contained in paragraphs "1" through "57" above as though stated fully herein.

44. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, subjected to excessive force, false arrest and imprisonment, and an unlawful search of his person and property.

45. Defendant City of New York is therefore vicariously liable to plaintiff for the excessive force, unlawful search, seizure, and false arrest and imprisonment of plaintiff by its employees and agents under the doctrine of respondeat superior.

46. By reason thereof, the municipal defendant has caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

(Remainder of Page Intentionally Blank)

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second and third causes of action, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated: New York, New York  
       May 20, 2014

                      LUMER & NEVILLE  
                      Attorneys for Plaintiff

By: _____  
                      Michael Lumer, Esq.  
                      225 Broadway, Suite 2700  
                      New York, New York 10007  
                      (212) 566-5060