# LUMER & NEVILLE

Attorneys At Law

MICHAEL B. LUMER
JAMES C. NEVILLE

225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
WWW.LUMERNEVILLE.COM

(212) 566-5060
FACSIMILE (212) 406-6890

August 26, 2014

**By ECF**
Hon. Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Covington v. City of New York, et al.,
              14 CV 1856 (JBW) (CLP)

Dear Judge Pollak:

      We represent plaintiff and write pursuant to Local Rule 37.3(c) to request that the Court issue an order compelling defendants to respond substantively to various interrogatories and document demands propounded by plaintiff. The parties have exchanged written correspondence concerning the dispute, and discussed each item by telephone, but have been unable to reach a resolution.

      As the Court may recall, this case concerns the defendants' arrest of plaintiff for allegedly participating in a drug sale with an undercover member of the NYPD.  More specifically, defendants claim that the officer gave money to a person named Marvin Lowe to purchase drugs, that Lowe walked away and was out of this officer's field of vision for a period of time, during which at least one other officer claims to have observed him "touching hands" with the plaintiff. Lowe then returned to the undercover officer with narcotics. Lowe and plaintiff were arrested separately.  According to the KCDA, no narcotics or buy money was recovered from plaintiff. The KCDA declined prosecution.

      Plaintiff has served interrogatories and a demand for documents. The defendants have not substantively responded to the majority of these requests. A copy of defendants' Initial Responses are annexed hereto as Exhibit 1, defendants' objections to plaintiff's discovery demands as Exhibit 2, and defendants subsequent letter dated August 15, 2014, as Exhibit 3.  We are attaching the documents that were produced because defendants seek to reference them in lieu of answering certain interrogatories.

LUMER & NEVILLE

Covington v. City of New York, 14 CV 1856
August 26, 2014
Page -2-

Plaintiff is asking that the Court compel the defendants to respond to each of the following:

### Interrogatory 1

Plaintiff seeks the identities of all NYPD members present at his arrest. Defendants initially responded by referencing the three officers already identified in defendants' Initial Disclosures those mentioned in documents NYC 1-4 and 11-13, but declining to expressly name anyone other than the three named defendants. They now state that they simply do not know which officers were present when plaintiff was taken into custody.

This last response suggests that defendants' initial response (i.e., that the three individual defendants and any police officers whose names appear in the documents marked NYC 1-4 and 11-13 were present for the plaintiff's arrest) is not correct; that defendants provided this answer without confirming whether or not it is true.

Plaintiff is entitled to know who was present at his arrest. Defendants should either identify those officers, or state affirmatively that they do not know.

### Interrogatories 3-5

Plaintiff is asking simply whether defendants are claiming that plaintiff had "any narcotics, weapons, or other contraband in his person, physical possession, and if so," that they be identified, whether or not he was found with marked buy money, and whether any member of the NYPD is saying that he/she saw narcotics in plaintiff's hand on the date of his arrest, and if so, the identity of these officers.

Defendants' initial claim that the interrogatories are premature is simply incorrect, and referring plaintiff to non-responsive documents is itself non-responsive. Whether defendants are claiming that certain facts exist or that they have witnesses to certain events is information to which plaintiff is entitled. Defendants can respond to these interrogatories simply by answering yes or no, and provided a list of items if any of the answers are yes.

### Interrogatory 7

Plaintiff is entitled to know whether defendants are claiming they had probable cause to arrest him for any other crime or offense other than what he was arrested for, and what these crimes or offenses were. This is particularly true given that (a) the City of New York invariably seeks to charge the jury based on any offenses for which they believe probable cause might have existed, and (b) the defendants' Fifth Affirmative Defense is that "There was probable cause for plaintiff's arrest and detention."

**LUMER & NEVILLE**

Covington v. City of New York, 14 CV 1856
August 26, 2014
Page -3-

### Interrogatory 8

Plaintiff is asking for the identity of each person whom defendants claim personally witnessed plaintiff engage in any criminal conduct. Presumably, defendants will be claiming at least one member of the NYPD (or a civilian) witnessed plaintiff engage in criminal conduct, or this arrest would not have occurred. Plaintiff is entitled to know the identity of defendants' witnesses. That is the entire purpose of discovery.

We regret having to burden the Court with this request. However, the defendants have made clear that they will not willingly respond substantively to these requests.

At a bare minimum, defendants ought to be required to state what crime(s) they claim plaintiff committed, and identify those people they believe witnessed plaintiff committing said crime(s). Similarly, whether defendants are claiming plaintiff actually possessed contraband or buy money, or was seen with narcotics in his hand, are questions of fact that can be easily answered and to which responsive answers ought to be compelled.

Respectfully submitted,

Michael Lumer

Encl.
cc:     Melanie Speight, ACC (by ECF)