UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

VERNON COVINGTON,

                               Plaintiff,

             -against-

THE CITY OF NEW YORK, et al.,

                           Defendants.

-------------------------------------------------------------------- x

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS BY DEFENDANT CITY**

14-CV-1856 (JBW) (CLP)

        Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendant City of New York responds and objects to Plaintiff's First Set of Discovery Demands as follows.

<div align="center">

### GENERAL STATEMENT AND GENERAL OBJECTIONS

</div>

        1.   By responding to any request, defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.  Defendant objects to these Interrogatories and Document Requests to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege, or that constitute material prepared for litigation purposes.

        3.  Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect

to that document or any other document, or its subject matter, or the information contained therein, or of defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendant objects in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5. Defendant objects to these Interrogatories and Document Requests to the extent that they impose obligations upon defendant that exceed the Federal Rules of Civil Procedure, the Local Civil Rules, or the Judges' individual rules.

6. With respect to the request for the production of documents, defendant will provide, under separate cover, a privilege index, if necessary.

7. Defendant further objects in the entirety to the Interrogatories to the extent that they seek the home address of individuals identified by the defendant in response to the Interrogatories.

8. Defendant objects to the Interrogatories under FED. R. CIV. P. 33(a) to the extent they exceed twenty-five in number including all discrete subparts.

9. Defendant is continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement his response to each request with additional information, if and when such information becomes available to defendant's counsel. Defendant also reserves the right to object to the future disclosure of any such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all members of the NYPD who were physically present at the arrest of plaintiff in Kings County, New York, on January 15, 2013 (the "Arrest"), and, for each such

- 2 -

person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command, and location. If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide the individual's shield number, present job title, command and location. If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in scope, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving or in any way limiting these objections and the General Objections, defendant refers plaintiff to its Initial Disclosures pursuant Fed. R. Civ. P. 26(a)(1)(A)(i), dated May 14, 2014, to the documents annexed thereto bearing Bates Stamp Nos. NYC 1-4, and to the documents annexed hereto bearing Bates Stamp Nos. NYC 11-13 for information responsive to this request.

**INTERROGATORY NO. 2:**

Identify persons physically present at the Arrest, other than those identified in response to Interrogatory 1, and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location. If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and

phone number, except if the person is a member of law enforcement, then identify those documents that provide the individual's shield number, present job title, command and location. If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in scope, assumes facts not established, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving or in any way limiting these objections and the General Objections, defendant refers plaintiff to its Initial Disclosures pursuant Fed. R. Civ. P. 26(a)(1)(A)(i), dated May 14, 2014, to the documents annexed thereto bearing Bates Stamp Nos. NYC 1-4, and to the documents annexed hereto bearing Bates Stamp Nos. NYC 11-13 for information responsive to this request.

## INTERROGATORY NO. 3:

State whether defendants are claiming plaintiff had any narcotics, weapons, or other contraband in his personal, physical possession, and if so, identify each item of contraband defendants allege plaintiff actually possessed.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:

Defendant objects to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is not sufficiently limited in time or scope, and is premature.  Subject to and without waiving or in any way limiting these objections or the General Objections, defendant refers plaintiff to the previously disclosed documents bearing Bates Stamp Nos. NYC 1-5, 9-10, and to the documents annexed hereto bearing Bates Stamp Nos. NYC and 14-17 for information responsive to this request.

- 4 -

**INTERROGATORY NO. 4:**

State whether defendants are claiming plaintiff had any marked buy money in his personal, physical possession, and if so, identify the amounts and denominations defendants allege plaintiff actually possessed.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to Interrogatory No. 4 on the grounds that it is vague, ambiguous, overbroad, duplicative, assumes facts not established, is not sufficiently limited in time or scope, and is premature.  Subject to and without waiving or in any way limiting these objections or the General Objections, defendant refers plaintiff to the previously disclosed documents bearing Bates Stamp Nos. NYC 1-5, 9-10, and to the documents annexed hereto bearing Bates Stamp Nos. NYC and 14-17 for information responsive to this request.

**INTERROGATORY NO. 5:**

State whether defendants are claiming any member(s) of the NYPD are claiming to have actually seen plaintiff holding narcotics in his hand at any time on the date of his Arrest, and for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide the individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

- 5 -

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to Interrogatory No. 5 on the grounds that it is vague, ambiguous, overbroad, duplicative, assumes facts not established, is not sufficiently limited in time or scope, and is premature. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant refers plaintiff to the previously disclosed documents bearing Bates Stamp Nos. NYC 1-5, 9-10, and to the documents annexed hereto bearing Bates Stamp Nos. NYC and 14-17 for information responsive to this request.

**INTERROGATORY NO. 6:**

State whether defendants are claiming plaintiff had constructive possession of any narcotics, weapons, or other contraband, and, if so, identify each item of contraband defendants allege plaintiff constructively possessed.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to Interrogatory No. 6 on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is not sufficiently limited in time or scope, and is premature. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant refers plaintiff to the previously disclosed documents bearing Bates Stamp Nos. NYC 1-5, 9-10, and to the documents annexed hereto bearing Bates Stamp Nos. NYC and 14-17 for information responsive to this request.

**INTERROGATORY NO. 7:**

Identify all crimes and offenses for which defendants are claiming they had probable cause to arrest plaintiff at the time of the Arrest, and for each such crime or offense, set forth the applicable statutory code or provision.

- 6 -

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:

Defendant objects to Interrogatory No. 7 on the grounds that it is vague, ambiguous, overbroad, premature, and to the extent there is a more practical method of obtaining the information sought. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant refers plaintiff to the previously disclosed documents bearing Bates Stamp Nos. NYC 1-3 and to the documents annexed hereto bearing Bates Stamp Nos. NYC 19-20 for information responsive to this request.

## INTERROGATORY NO. 8:

Identify all persons whom defendants claim personally witnessed plaintiff engage in any criminal or unlawful conduct on the date of the Arrest, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location. If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide the individual's shield number, present job title, command and location. If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:

Defendant objects to Interrogatory No. 8 on the grounds that it is vague, ambiguous, overbroad, duplicative, assumes facts not established, is not sufficiently limited in time or scope, and is premature. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant refers plaintiff to its Initial Disclosures pursuant Fed. R. Civ. P. 26(a)(1)(A)(i), dated May 14, 2014, to the documents annexed thereto bearing

- 7 -

Bates Stamp Nos. NYC 1-4, and to the documents annexed hereto bearing Bates Stamp Nos. NYC 14-16 for information responsive to this request.

**INTERROGATORY NO. 9:**

        Identify each item of contraband recovered incident to the Arrest of plaintiff and/or the other individuals arrested with him, and for each such item, (i) state where within the premises the item was found; and (ii) identify the person(s) who found the item, and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location. If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide the individual's shield number, present job title, command and location. If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

        Defendant objects to Interrogatory No. 9 on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is not sufficiently limited in time or scope, is premature, and to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55 and/or other state or federal laws, seeks private and/or confidential information related to non-parties to this action, and to the extent that it implicates the law enforcement privilege. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant refers plaintiff to the previously disclosed documents bearing Bates Stamp Nos. NYC

- 8 -

5, 9, and 10, and to the documents annexed hereto bearing Bates Stamp Nos. NYC 14-16 for information responsive to this request.

**INTERROGATORY NO. 10:**

Identify the person(s) who made the decision to arrest, and/or approved the decision to arrest plaintiff at the time of the Arrest, and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide the individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to Interrogatory No. 10 on the grounds that it is vague, ambiguous, overbroad, duplicative, assumes facts not established, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving or in any way limiting these objections and the General Objections, defendant refers plaintiff to his Initial Disclosures pursuant Fed. R. Civ. P. 26(a)(1)(A)(i), dated May 14, 2014, and to the documents annexed thereto bearing Bates Stamp Nos. NYC 1-4 for information responsive to this request.

**INTERROGATORY NO. 11:**

State the outcome of the prosecution of Marvin Lowe.

- 9 -

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections, defendant objects to Interrogatory No. 11 on the grounds that it is vague, ambiguous, is not relevant or reasonably calculated to lead to the discovery of admissible evidence,  and to the extent that it seeks information beyond the scope of the Amended Complaint and Fed. R. Civ. P. 26(b).  Defendant further objects to this request to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55 and/or other state or federal laws, seeks private and/or confidential information related to non-parties to this action, and to the extent that it implicates the law enforcement privilege.

**INTERROGATORY NO. 12 :**

Identify each member of the NYPD who communicated with the King's County District Attorney ("KCDA"), verbally or in writing, and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide the individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to Interrogatory No. 12 on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and to the extent that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving or in any way limiting these objections and the General

- 10 -

Objections, defendant identifies Detective Nelson, who was previously identified in defendant's Initial Disclosures pursuant Fed. R. Civ. P. 26(a)(1)(A)(i), dated May 14, 2014.

## INTERROGATORY NO. 13:

Identify each member of the office of the KCDA who communicated with any member of the NYPD concerning the Arrest and/or subsequent decision whether to prosecute plaintiff and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide the individual's shield number, present job title, command and location.   If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:

Defendant objects to Interrogatory No. 13 on the grounds that it is vague, ambiguous, overbroad, duplicative, assumes facts not established, is not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Subject to and without waiving or in any way limiting these objections or the General Objections, defendant identifies Assistant District Attorney Robert Vlacci, Office of the District Attorney, Kings County, 350 Jay Street, Brooklyn, New York 11201, and refers plaintiff to the documents annexed hereto bearing Bates Stamp Nos. NYC 14-16 for information responsive to this request.

- 11 -

**INTERROGATORY NO. 14:**

State whether the KCDA declined to prosecute plaintiff pursuant to the Arrest and, if so, state the reason(s) for the declination.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to Interrogatory No. 14 on the grounds that it is vague, ambiguous, overbroad, duplicative, to the extent that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant states that the KCDA declined to prosecute plaintiff and refers plaintiff to the documents annexed hereto bearing Bates Stamp Nos. NYC 14-16 for additional information responsive to this request.

**INTERROGATORY NO. 15:**

State whether Marvin Lowe filed any Notices of Claim concerning his arrest on January 15, 2013.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

In addition to the General Objections, defendant objects to Interrogatory No. 15 on the grounds that it is vague, ambiguous, unduly burdensome, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information beyond the scope of the Amended Complaint and Fed. R. Civ. P. 26(b), and to the extent that it implicates the privacy interests of a non-party.

**INTERROGATORY NO. 16:**

State whether the City of New York is asserting any liens against any of the monies that may be recovered by plaintiff in this action.

- 12 -

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

In addition to the General Objections, defendant objects to Interrogatory No. 16 on the grounds that it is vague, ambiguous, overbroad, premature, speculative, assumes facts not established, seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks information that is not within defendant's possession or control, and to the extent that it seeks information that is equally, if not more readily, available to plaintiff.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All photographs, video, digital images, or other similar media depicting Marvin Lowe, taken incident to his arrest on the date of the Arrest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the General Objections, defendant objects to Document Request No. 1 on the grounds that it is vague, ambiguous, seeks information that is not in defendant's possession, custody, or control, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information beyond the scope of the Amended Complaint and Fed. R. Civ. P. 26(b), to the extent that it implicates the privacy interests of a non-party, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55 and/or other state or federal laws.

**DOCUMENT REQUEST NO. 2:**

All documents, communications, and electronically memorialized information created or possessed by the defendants concerning the Arrest or the alleged possession of a weapon or any other contraband by plaintiff, including but not limited to all notes, court records,

complaint forms, DD5s, command log entries, memo book entries, daily activity reports, online booking sheets, tactical plans, activity logs, activity reports, and handwritten drafts of any documents later typed or recreated in a different form, and any and all other materials relevant to this demand.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendant objects to Document Request No. 2 and its discrete subparts on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in scope, duplicative, assumes facts not established, to the extent it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks documents that are not in defendant's custody, possession, or control, and to the extent it seeks documents that are protected by law enforcement privilege.  Subject to, and without waiving or in any way limiting these objections and the General Objections, defendant refers plaintiff to the documents previously produced bearing Bates Stamp Nos. NYC 1-10 and to the documents produced herein bearing Bates Stamp Nos. NYC 11- 23.

## DOCUMENT REQUEST NO. 3:

All documents, communications, and electronically memorialized information created or possessed by the KCDA concerning the arrest of plaintiff, including court records, discovery documentation, intake notes, screening shots, GJ Synopsis forms, declination memoranda, and any other materials that reference the prosecution of plaintiff, the decision to dismiss or not to challenge or appeal from the dismissal of the charges against plaintiff, any and all other materials relevant to plaintiff's Arrest.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendant objects to Document Request No. 3 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, is not relevant or reasonably

calculated to lead to the discovery of admissible evidence, to the extent that there is a more practical method to obtain the information sought, and to the extent that it seeks documents that are not within defendant's possession, custody or control.  Subject to and without waiving or in any way limiting these objections and the General Objections, defendant refers plaintiff to the documents annexed hereto bearing Bates Stamp Nos. NYC 14-16.

**DOCUMENT REQUEST NO. 4:**

All documents, communications, and electronically memorialized information created or possessed by the defendants concerning the arrest of Marvin Lowe on or about January 15, 2013, and subsequent prosecution, including but not limited to all notes, court records, complaint forms, DD5s, command log entries, memo book entries, daily activity reports, online booking sheets, tactical plans, activity logs, activity reports, and handwritten drafts of any documents later typed or recreated in a different form, and any and all other materials relevant to this demand.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to Document Request No. 4 on the grounds that it is vague, ambiguous, overbroad, duplicative, assumes facts not established, seeks information that is not in defendant's possession, custody, or control, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information beyond the scope of the Amended Complaint and Fed. R. Civ. P. 26(b), to the extent that it implicates the privacy interests of a non-party, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55 and/or other state or federal laws.  Subject to and without waiving of in any way limiting these objections or the General Objections, defendant refers plaintiff to the previously disclosed documents bearing Bates Stamp Nos. NYC 4, 5, 9, 10, and to the documents produced herein bearing Bates Stamp Nos. NYC 11-16, and 21-22.

**DOCUMENT REQUEST NO. 5:**

All photographs, video, digital images, or other similar media depicting plaintiff, taken at any time.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to Document Request No. 5 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, assumes facts not established, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent that this request seeks documents that are not within the possession, custody or control of the defendant, and to the extent that this request seeks documents that are equally or more available to plaintiff. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant refers plaintiff to the previously disclosed document bearing Bates Stamp No. NYC 7.

**DOCUMENT REQUEST NO. 6:**

All photographs, video, digital images, or other similar media depicting the contraband defendants claim to have recovered from plaintiff at the time of the Arrest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to the General Objections, defendant objects to Document Request No. 6 on the grounds that it is vague, ambiguous, overbroad, speculative, duplicative, assumes facts not established, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant states that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 7:**

All documents, communications, and electronically memorialized information created or possessed by defendants concerning any field tests, laboratory reports, or other forensic tests conducted on the contraband allegedly recovered from plaintiff.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

In addition to the General Objections, defendant objects to Document Request No. 7 on the grounds that it is vague, ambiguous, overbroad, speculative, duplicative, assumes facts not established, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant states that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 8:**

All SPRINT reports concerning the Arrest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to the General Objections, defendant objects to Document Request No. 8 on the grounds that it is vague, ambiguous, assumes facts not established, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 9:**

All documents, communications, recordings, and electronically memorialized information obtained by defendants in response to any subpoenas or requests made pursuant to FOIA or FOIL for records relating to plaintiff.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

In addition to the General Objections, defendant objects to Document Request No. 9 on the grounds that it is vague, ambiguous, assumes facts not established, is not limited in time or scope, is not relevant or reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that the documents sought are equally available to plaintiff. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant states that, as of the date of these responses, there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 10:**

All documents, communications, recordings, and electronically memorialized information concerning any liens the defendants intend to assert against any monies recovered by plaintiff in this action.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

See defendant's objections and response to Interrogatory No. 16.

**DOCUMENT REQUEST NO. 11:**

All documents, communications, recordings, and electronically memorialized information referred to in the responses to the above interrogatories not otherwise produced in response to the demands herein or in the defendants' initial disclosure.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to Document Request No. 11 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, not sufficiently limited in scope, seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks documents not within defendant's possession, custody or control, to the extent that it implicates the privacy interests of the parties non-parties, and to the extent it implicates the law enforcement privilege. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant refers plaintiff to its Objections and Responses to the preceding Interrogatories and Document Requests.

- 18 -

**DOCUMENT REQUEST NO. 12:**

All documents, communications, recordings, and electronically memorialized information defendants will rely on to defend themselves against the allegations in the instant action. If the documents are being or have been produced in response to a different discovery request, state their bate stamp numbers.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is vague, ambiguous, overbroad, premature, duplicative, is beyond the scope of the Federal Rules of Civil Procedure, seeks documents which may not be relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendant's possession, custody or control. Subject to and without waiving or in any way limiting these objections or the General Objections, defendant states that it will continue to comply with its discovery obligations under the Federal Rules of Civil Procedure, and refers plaintiff to its answer to the complaint, answer to the Amended Complaint, its Initial Disclosures pursuant Fed. R. Civ. P. 26(a)(1)(A)(i), dated May 14, 2014, its Objections and Responses to the preceding Interrogatories and Document Requests, and the documents previously produced and produced herein bearing Bates Stamp Nos. NYC 1-23.

Dated: New York, New York
       June 18, 2014

> ZACHARY W. CARTER
> Corporation Counsel of the City of New York
> *Attorney for Defendant City*
> 100 Church Street, 3rd Floor
> New York, New York 10007
> (212) 356-2425
>
> By:   *Melanie Speight*
>       Melanie Speight
>       Assistant Corporation Counsel

cc:     <u>VIA FIRST CLASS MAIL</u>
        Michael B. Lumer
        Lumer & Neville
        *Counsel for Plaintiff*
        225 Broadway, Suite 2700
        New York, NY 10007
        212-566-5060
        Email: mlumer@lumerneville.com



CITY OF NEW YORK
POLICE DEPARTMENT

BKNUI # 25

Pg 52

A 880416

Name: Def. Nelson, J

Tax Reg. No. ████████

Date Opened: 12/18/12

Supervisory Officer:

Date Closed: 07/30/13

Supervisory Officer:

PD 112-145 (07-07)

NYC 11



NYC 12

NYC 13

2105 /9192: AM n ifr nil?
2132: 5146: Et 194 Pot
24: 10146: AM in a. Q/P
0746/0100: Et +/880
045: AC
0333: EST/1/+6=7948

**OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY**

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

KENNETH P. THOMPSON
*District Attorney*

# DECLINED PROSECUTION

Declined date:  **January 16, 2013**

Arrest Number:  **K13604704**

| | |
|---|---|
| Defendant: | **COVINGTON, VERNON** |
| DOB: | |
| Address: | ~~REDACTED~~, BROOKLYN, NY |

Arrest:  **01/15/13  19:20**                                          PCT of arrest: **088**

Arresting officer:  **JENNYANN NELSON, TAX ID** ~~REDACTED~~**00, Shield: 4900, CMD: 547**

Arrest Charges:  PL 2200300  PL 2201601  PL 2203901

Occurrence:  **01/15/13  19:12**                                    PCT of occurrence: **088**

Location:  **MYRTLE AVENUE AND WASHINGTON PARK**

## STATEMENT OF FACTS

AT TPO UC APPROACHED ~~REDACTED~~ AND ENGAGED IN CONVERSATION. ~~REDACTED~~ ASKED UC WHAT WAS UC LOOKING FOR,  UC REPLIED $30 WORTH OF HEROIN.

UC HANDED ~~REDACTED~~ $30  PRBM.  ~~REDACTED~~ TOLD UC TO WAIT AT LOCATION .  UC OBSERVED ~~REDACTED~~ WALK AWAY.

GHOST UC OBSERVED ~~REDACTED~~ WALK  AWAY FROM UC  AND APPROACH  COVINGTON.

GHOST UC OBSERVED ~~REDACTED~~ AND COVINGTON TOUCH HANDS AND ~~REDACTED~~ WALKED BACK TO UC.

SHORTLY THEREAFTER UC OBSERVED ~~REDACTED~~ RETURN AND HAND UC  2  GLASSINE ENVELOPES CONTAINING HEROIN.

POSITIVE FIELD TEST.

UC  AND GHOST NOTIFIED FIELD TEAM.

~~REDACTED~~ ARRESTED.

A/O RECOVERED  $10 PRBM  FROM ~~REDACTED~~ PERSON.  NO STASH.

COVINGTON ARRESTED.  NOTHING RECOVERED.

**Reason for declined prosecution:**

Insufficient Evidence to Prosecute

**Details:**

THERE IS INSUFFICIENT EVIDENCE TO ESTABLISH  THAT DEFENDANT ACTED IN CONCERT OR FACILITATED A SALE OF HEROIN WITH ANOTHER PERSON TO AN UC.  NOTHING WAS RECOVERED FROM DEFENDANT. DEFENDANT MADE NO INCRIMINATING STATEMENT.  GHOST UC  SAW HAND TOUCHING. GHOST UC DID NOT SEE MONEY EXCHANGE OR PACKAGING  , ONLY HANDS TOUCHING.

**Efforts made to reach witness:**

**Instructions to arresting officer:**

RELEASE DEFENDANT IF THERE ARE NO HOLDS OR WARRANTS.

This instrument will remain on file as part of the record of the Office of the District Attorney of Kings county.

Before re-arrest, please contact the Complaint Room Deputy on duty at (718) 250-3500.

DA Copy

**NYC 14**



**OFFICE OF THE DISTRICT ATTORNEY,  KINGS COUNTY**

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

KENNETH P. THOMPSON
*District Attorney*

# DECLINED PROSECUTION

Declined date:  **January 16, 2013**

Signature:
_____

By Assistant District Attorney: screener   Robert Vlacci

This instrument will remain on file as part of the record of the Office of the District Attorney of Kings county.
Before re-arrest, please contact the Complaint Room Deputy on duty at (718) 250-3500.

DA Copy
**NYC 15**

K 13604704

# DESIGNATION OF AGENT FOR ACCESS TO
# SEALED RECORDS PURSUANT TO NYCPL 160.50(1)(d)

I, _Vernon Covington_, pursuant to CPL § 160.50(1)(d), hereby designate ZACHARY CARTER, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records relating to my arrest on or about _Jan. 15, 2014_, ~~and~~ in _Kings_ County, New York, ~~for prosecution in~~ ~~Court~~ ~~County, under docket/indictment number~~ ~~may be made available for use in a Civil Action that is now pending or which I anticipate will be filed.~~

I understand that until now the aforesaid records have been sealed pursuant to CPL 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any Court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL 160.50.

_Vernon Covington_
Vernon Covington

STATE OF NEW YORK     )
                      ) SS.:
COUNTY OF NEW YORK    )

On this _17_ day of _April_, 20_14_, before me personally came _Vernon Covington_, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

MICHAEL LUMER
Notary Public, State of New York
No. 02LU6127017
Qualified in New York County
Commission Expires May 23, 20_17_

_Notary Public_

**NYC 16**

# PRISONER PROPERTY RECEIPT

Revised 12/12/07

DATE PREPARED 1/15/13　　　　PRECINCT 84.

| ARRESTING / ASSIGNED OFFICER | RANK | SHIELD # | TAX# | COMMAND |
|---|---|---|---|---|
| DET NELSON, J | DET | 4900 | [redacted] | NBBN |

| PRISONER'S LAST NAME / FIRST NAME | AGE | ADDRESS (INCLUDE CITY, STATE, ZIP CODE, APT#) |
|---|---|---|
| Covington, Vernon | 44 | 99 N. Portlandt apt 1D |
| DATE OF ARREST: 1/15/13 | CHARGES / OFFENSE UNDER INVESTIGATION | 220.39 |

## PROPERTY REMOVED

THE FOLLOWING PROPERTY HAS BEEN REMOVED FROM YOUR POSSESSION AND VOUCHERED

CURRENCY $0
(DOLLAR AMOUNT)

OTHER
Kyocera cell phone　　st anthony charm.
cell phone battery
1 key on chain
1 button

IN ORDER TO INQUIRE ABOUT DISPOSITION OF YOUR PROPERTY YOU ARE ADVISED TO CALL THE FOLLOWING LOCATION MONDAY THROUGH FRIDAY (9AM - 6PM)　　COMMAND:

## PROPERTY RETURNED

THE FOLLOWING PROPERTY HA[S]...

NEW YORK STATE
DRIVER LICENSE
ID: 966 408 727
CLASS D

CURRENCY $0.10
(DOLLAR AMOUNT)

OTHER
NYS ID card.
NY benefit card.
Green/Black wallet
Misc cards + papers.

I HAVE RECEIVED A COPY OF THIS NOTICE REGARDING PROPERTY REMOVED AND/ OR RETURNED TO ME

| DEFENDANT'S SIGNATURE | DEFT'S NAME PRINTED: Vernon Covington | DATE: 1/15/13 |
|---|---|---|

I HAVE RECEIVED ISSUED A COPY OF THIS RECEIPT TO THE ABOVE DEFENDANT

| A/O'S SIGNATURE | A/O NAME PRINTED: DET NELSON, J | DATE: 1/15/13 |
|---|---|---|
| SUPERVISOR'S SIGNATURE | SUPERVISOR'S NAME PRINTED: Sgt Giovanna | DATE: 1/15/13 |

1. ORIGINAL TO A/O'S ARREST FOLDER
2. COPY TO BE GIVEN TO DEFENDANT
3. PLACE COPY IN ARREST PACKAGE TO D.A.
4. ATTACH COPY TO PROPERTY CLERK'S INVOICE

**TACTICAL PLAN**
Rev: 05-10
PD381-090

Date __01/15/2013__  Tour __1500X2333__  Color Of The Day __GREEN__  Module No. __88/84__  Assignment (Pct.) __88/84__

Time of TAC Meeting __1645__  Radio TAC __S__  ☒ Buy and Bust  ☐ Case  Case # (If applicable) _____

Arresting Officer (Rank, Last Name, First, M.I.) __DET NELSON, JENNY-ANN__  Tax No. ▓▓▓▓▓

Training: (e.g., Precinct Crime Trends, Recent Shootings, Index Crime Spikes, Assault on MOS, Member Safety, Sensitive or Hazardous Locations, Known Community Concerns, etc.)
RECENT SHOOTINGS: 848 FULTON ST., HOMICIDES, BURGLARY CONDITION 88 PCT

Tactics Discussed: (e.g., Coordination with Patrol, Car Stops, Firearms Control, U/C Safety. Include Discussion of Potential Hazards e.g., Dogs, Children, Fortified Locations, etc.)
CAR STOP SAFETY, USE OF FORCE REGARDING PRISONERS, PRISONER SEARCHES, RENTAL AUTO SAFETY, FIREARMS CONTROL, FIREARMS CONTROL, U/C SAFETY, UNIFORMED PERSONEL ENCOUNTERS

Weather: ☐ Clear  ☒ Overcast  ☒ Rain  ☐ Snow  ☐ Windy  ☐ Other

Equipment Inspection: ☐ Raid Jacket  ☒ Vest  ☒ Flashlight  ☒ OC Spray  ☐ Chains  ☒ Megaphone  ☒ Chains
Kel No. __221__  Kel Receiver No. __9981 365__  Booster/Repeater  ☒ Yes ☐ No

Supervisor Certifying Operability of Kel (Print Rank, Name) Mandatory If Kel Used
☒ Kel Operable __SGT GIOVINGO__  Signature: __[signature]__  Tax No: ▓▓▓▓

Entry Tools / Other:

| Team Leader | Radio #. | Team No. 1 | Radio #. | Team No. 2 | Radio #. |
|---|---|---|---|---|---|
| SGT GIOVINGO | R/A | DET ZEFFIRO | R/A | | |
| DET. NELSON | R/A | DET MAURO | R/A | | |
| DET GOODWIN | R/A | DET COHEN | R/A | | |
| Assignment: TEAM LEADER/ A/O | | Assignment: CHASE | | Assignment: | |
| Equipment: Megaphone (mandatory) ☒ Yes  RAM | | Equipment: | | Equipment: | |
| Auto #: 3298 | | Auto #: 2969 | | Auto #: | |
| Color/Make: BL KIA | | Color/Make: BLK MAZDA | | Color/Make: | |

| Team No. 3 | Radio #. | Prisoner Van | Radio #. | Undercover Officer(s): | Radio #. |
|---|---|---|---|---|---|
| | | DET WRIGHT | R/A | #C0234 | R/A |
| | | DET VALENTIN | R/A | #C0272 | R/A |
| Assignment: ☐ Marked RMP | | Equipment: | | Assignment: | |
| Supervisor Authorizing: | | Auto #: 9159 | | Equipment: KEL, GHOST SET | |
| Reason for Use: | | Color/Make: BL FORD | | Auto #: CONFIDENTIAL | |
| Location Used: | | Prisoner Van Search (at start of tour) ☐ Positive ☒ Negative / At end of tour, make Activity Log or Daily Activity Report entry | | Color/Make: CONFIDENTIAL | |

| Location | Set-Up Location | Reason for Deployment (Shooting location, Kite, Precinct Plan, Impact zone, Drug sold / brand name etc.) | Time(s) of Visit |
|---|---|---|---|
| 1. CLINTON & FULTON | V/O | NARCO PLAN | |
| 2. CARLTON & MYRTLE | V/O | NARCO PLAN | |
| 3. FARRAGUT HOUSES | V/O | NARCO PLAN | |
| 4. SCHERMERHORN&HOYT | V/O | NARCO PLAN | |
| 5. 918 FULTON ST | V/O | SHOOTING LOCATION | |
| 6. 505 MYRTLE AVE | V/O | KITE LOCATION | |
| 7. 383 STATE ST | V/O | KITE LOCATION | |
| 8. 154 HICKS ST | V/O | KITE LOCATION | |

Emergency Hospital __BROOKLYN HOSPITAL__  Location __ASHLAND&DEKALB__  Hospital Route __ASHLAND TO DEKALB__

Supervisor's Cell Phone# ▓▓▓▓▓  Conferred w Pct/PSA? ☒ Yes ☐ No  If Yes, Rank Name of MOS __SGT. FELDSHTEYN__

Prepared By: (Lt./Sgt.): __SGT. GIOVINGO__  Supervisor's Signature: __[signature]__  Tax No: ▓▓▓▓

Post-Enforcement Tactical Meeting

Time of Meeting _____  Location __NBBN__  Supervisor Conducting __SGT. GIOVINGO__

**NYC 18**

ARREST Report - K13604704

## New York City Police Department
### Omniform System - Arrests

| RECORD STATUS: ARR PRG CMPL | Arrest ID: K13604704 - J |
|---|---|

**Arrest Location:** FRONT OF 132 CARLTON AVENUE   **Pct:** 088

**Arrest Date:** 01-15-2013
**Time:** 19:20:00

Processing Type: ON LINE
DCJS Fax Number: KO003822

Sector: J
Special Event Code: NA - NARC TNT ENFORC
DAT Number: 0

Strip Search Conducted: NO
Viper Initiated Arrest: NO
Stop And Frisk: NO
Return Date: 0000-00-00
Serial #: 0000-000-00000

### ARREST DATA - COMPLAINT NOT REQUIRED

Jurisdiction: NYPD
Premises: STREET
Location Within: PUBLIC SIDEWALK
Occur Date/Time: 2013-01-15 - 19:12
*NYC Housing Development:*

*NYC School Safety Data:*
On School Property:
School Type:
School Num:
School Name:

*NYC Transit Data:*
Station:
Line #:
Location:

Offense Location: NORTH EAST CORNER WASHINGTON PARK & MYRTLE AVENUE   Borough: BROOKLYN

### CHARGES:
Arrest #: K13604704

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 220.16 01 F | B | | 1 | CPCS-3RD:NARC DRUG INT/SELL |
| #02 | No | PL 220.39 01 F | B | | 1 | CSCS-3RD:NARCOTIC DRUG |
| #03 | No | PL 220.03 | M | A | 1 | CRIM POSS CONTRL SUBST-7TH |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

### DETAILS:
Arrest #: K13604704

AT T/P/O DEFT. DID EXCHANGE A QUANTITY OF CONTROLLED SUBSTANCE TO A UCPO FOR USC PRBM.

### DEFENDANT: COVINGTON, VERNON
NYSID #:    Arrest #: K13604704

Nick/AKA/Maiden:
Sex: MALE
Race: BLACK
Age: 44
Date Of Birth: 05/17/1968
U.S. Citizen: YES
Place Of Birth: NEW YORK
Is this person not Proficient in English?: NO
If Yes, indicate Language:
Accent: NO

Height: 6FT 00IN
Weight: 300
Eye Color: BROWN
Hair Color: BLACK
Hair Length: SHORT
Hair Style: CLOSE CUT
Skin Tone: DARK
Complexion: CLEAR

Soc.Security #:
Occupation: UNKNOWN
Lic/Permit Type:
Lic/Permit No:

Order Of Protection: NO
Issuing Court:
Docket #:
Expiration Date:
Relation to Victim: UNKNOWN/NONE
Living together: NO
Can be identified: YES

Gang/Crew Affiliation: NO
Name:
Identifiers:

Physical Condition: APPARENTLY NORMAL
Drug Used: NONE

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 99 NORTH PORTLAND AVENUE | BROOKLYN | NEW YORK | | 1D | 088 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: YES   N.Y.C. Housing Employee: NO   On Duty: NO
Development: WHITMAN   N.Y.C. Transit Employee: NO

**Physical Force: NONE**

Gun:
Weapon Used/Possessed: NONE
Non-Firearm Weapon:
Other Weapon Description:

Make:
Color:
Caliber:
Type:
Discharged: NO

Recovered:
Serial Number Defaced:
Serial Number:

Used Transit System: NO
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

| CRIME DATA | DETAILS |
|---|---|

```
MODUS OPERANDI          UNKNOWN
ACTIONS TOWARD VICTIM   UNK
CLOTHING                OUTERWEAR - SWEAT SHIRT OR JOGGING JACKET - BLACK
CLOTHING                HEADGEAR - SKI CAP OR WATCH CAP - BLACK
CLOTHING                ACCESSORIES - JEANS - BLACK
CLOTHING                FOOTWEAR - SNEAKERS - BLACK
CHARACTERISTICS         GOATEE
BODY MARKS              -UNKNOWN
BODY MARKS              -UNKNOWN
IMPERSONATION           UNKNOWN
```

**JUVENILE DATA:**                                                Arrest #: K13604704

```
Juvenile Offender:    Relative Notified:  Personal Recog:
Number Of Priors: 0        Name:
School Attending:     Phone Called:
Mother's Maiden Name:      Time Notified:
```

**ASSOCIATED ARRESTS:**                                           Arrest #: K13604704

ARREST ID COMPLAINT #

**DEFENDANTS CALLS:**                                             Arrest #: K13604704

CALL # NUMBER DIALED NAME CALLED
1        - -                    REFUSED

**INVOICES:**                                                     Arrest #: K13604704

INVOICE# COMMAND PROPERTY TYPE VALUE

**ARRESTING OFFICER: DT3 JENNYANN NELSON**                        Arrest #: K13604704

```
Tax Number:           On Duty: YES              Force Used: NO
Other ID (non-NYPD):  In Uniform: NO                Type:
           Shield: 4908    Squad: NB                 Reason:
      Department: NYPD     Chart: 36            Officer Injured: NO
       Command: 547    Primary Assignment:
```

| | Tax #: | Command: | Agency: |
|---|---|---|---|
| Arresting Officer Name: DT3 NELSON, JENNYANN | | 547 | NYPD |
| Supervisor Approving: SGT GIOVINGO CARLO | Tax #: | Command: 538 | Agency: NYPD |
| Report Entered by: DT3 VALENTIN, RUPE | Tax #: | Command: 547 | Agency: NYPD |

END OF ARREST REPORT
K13604704

Print this Report

| BUY REPORT/COMPLAINT FOLLOW-UP INFORMATIONAL | Crime U/C Buy Attempts | Pct 088 | DRAFT |
|---|---|---|---|
| U/C Complaint No. 2013-538-000127S | U/C Case No. 2013-547-000015S | Date of this Report 01/15/2013 23:47 | |

**DO NOT USE THIS FORM TO REPORT: CRIME CLASSIFICATION CHANGES, CASE CLEARANCES, ALL ARRESTS, RECOVERED PROPERTY, ADDITIONAL STOLEN PROPERTY, SERIAL NUMBERS OBTAINED FOR PROPERTY PREVIOUSLY REPORTED.**

**Subject: Buy Report**

| Date 01/15/2013 | Time 19 : 12 | Location C/O MYRTLE AND WASHINGTON PK |
|---|---|---|
| Buy Money Rec'd From DET. NELSON | ☒ Buy & Bust    ☐ Case/Kite Buy | Case/Kite No. |
| A/O DET. NELSON | Field Team SGT. GIOVINGO, DET. NELSON, DET. GOODWIN, DET. ZEFFIRO, DET. MAURO, DET. COHEN, DET. WRIGHT, DET. VALENTIN, UC#C0272 | |
| Name/JD JD- MARQUIS, JD-BLACK | Drug/Item HEROIN | Cost 30.00 |

**Description (Subjects):**
JD-MARQUIS: (LOWE, MARVIN), MALE BLACK, 165LBS, 58 YEARS OLD, 5'6, WEARING BLACK COAT, BLUE JEANS
JD-BLACK: (COVINGTON, VERNON) MALE BLACK, 300LBS, 44 YEARS OLD, 6', WEARING BLACK JACKET, BLUE JEANS

| Post Arrest ID Made | Date 01/15/2013 | Time 1920 | Location C/O MYRTLE AND N. PORTLAND | To Whom DET. NELSON |
|---|---|---|---|---|
| U/C Sign & Seal Narco Envelope | Location | | | Time : |
| U/C Narcotics Envelope No. NA | | Invoice No. 3000168799 | | |
| Narcotics Envelope No. 5371565 | | Security Envelope No. 1201266807 | UTL # (Old NDV #) NA | |
| Ghost(s) UC#C0272 | | | | |
| Weather COLD | | Lighting ARTIFICIAL | | |

https://itsc.nypd.finest/intranetapps/ReportManagement/ApplyTransform.aspx     1/16/2013

NYC 21

| Stash | ☒ Not Recovered | Buy Money |
|-------|-----------------|-----------|
|       | Recovered       |           |

**Comments/Details:**

At T/P/O I UC#C0234 did approach JD-MARQUIS ( Later known to me as MARVIN LOWE) and engaged him in a drug related conversation. I asked, " Yo, you see that dude around?" He replied, " What you looking to get?" I then said, " I don't want to put my buisness out ther but I was looking." He said, " You need some dope." I then said, " Of course." He said, " Come with me." He then asked, " How much you want." I said, " I got 30 bucks make it work." I then handed him 30 dollars USC PRBM. He took the money and said, " Wait right here." He then walked away out of my sight. He returned a short time later and handed me 2 glassines of heroin. I then walked away and informed the field team of what transpired. The dialogue between myself and the subject is not verbatim but a synopsis.

| Purchase Made By | Rank User | Name (U/C #) C0234, C0234 c0234 | Signature CL&C0234 |
|------------------|-----------|----------------------------------|--------------------|
| **Supervisor Signature** C. Sowings | | | **Command** |

**NYC 22**

A/O DET. NELSON. J _____ **TAX** ____ **SHIELD** _4900_ BC#____

ARREST DATE: 01/15/13 ___ ARREST TIME 1920 ___ TOUR OF A/O _____

LOCATION OF ARREST: f/o 132 Carlton ___ PCT: ____

LOCATION OF OCCURANCE Myrtle + Washington TIME 1912

DEFT'S NAME Covington, Vernon ___ NICKNAME _____

ADDRESS _____ 99 N. Portland _____ APT# 1D

SEX: M  RACE: Blk  SKIN TONE M  DOB: 05/17/68 AGE: 44 HEIGHT 6'2

WEIGHT 305  EYES Brn  HAIR Blk  MUSTACHE/ BEARD/GOATEE

TATOO / LOCATION _____

JACKET Blk Jean ___ SHIRT ___ PANTS Bl jeans

HAT Blk Ski  FOOTWEAR Blk Sneakers BIRTHPLACE B NY CITIZEN Y/N

MARRIED / SINGLE

TELEPHONE # n/a ___ S.S # 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

DRIVER LIC # _____ PHONE Y/N IMEI#_____

CHARGE  220.39  220.16  220.06  220.03  221.40  221.10  OTHER ____

ARREST EVIDENCE: _____

ARREST #:_____  NYSID: #_____

PAST CRIMINAL HISTORY: *(must pick one from each column – add comments if necessary)*
☐ NO PRIOR ARRESTS  ☐ NO NARCO ARRESTS  ☐ COMMENTS_____
☐ ONE PRIOR ARREST  ☐ ONE PRIOR NARCO ARREST  _____
☐ TWO OR MORE PRIOR ARREST  ☐ TWO OR MORE PRIOR NARCO ARREST  _____

REASON FOR ARREST *(must pick one)*
☐ PRECINCT PLAN *(PROVIDE PLAN #)* ___  ☐ COMMUNITY COMPLAINTS  ☐ OTHER_____
☐ KITE *(PROVIDE KITE #)* ___  ☐ HIGH NARCO RADIO RUNS  _____
☐ HOMICIDE/SHOOTING:  DATE___  ☐ HIGH SHOOTING RADIO RUNS  _____
  LOCATION:___  ☐ CAR STOP  _____

DID ARRESTEE PROVIDE ANY INTEL? _____

DAT YES / NO  WHY /WHY NOT _____

DAT #_____  PCT DAT # ISSUED____  COMMAND LOG _____

PAGE_____

SGT/LT NAME:_____  DISPOSITION: UNIVERSAL SUMMONS / DAT / KEEPER
(AUTHORIZING THE ARREST)  (CIRCLE ONE)

**NYC 23**